IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES DELAMAR                                                         PLAINTIFF

v.                      Civil No. 6:09-cv-6056

BRIAN TRUBITT, Attorney;
BLAKE BATSON, Prosecuting
Attorney; and ROY BETHEL,
Investigator, Arkadelphia
Police Department                                         DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action submitted by the Plaintiff, James Delamar (hereinafter Delamar), pursuant to 42 U.S.C. § 1983. The clerk is directed to file the *in forma pauperis* application and complaint. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

### **Background**

According to the allegations of the complaint, in December of 2006 Delamar was charged with domestic battery. Brian Trubitt (hereinafter Trubitt) was appointed to represent Delamar on that charge. On March 4, 2007, Delamar was in court for a bond revocation hearing on the domestic battery charge. He was arrested and charged with stalking.

At the April arraignment hearing on the new charge, Delamar asserts Trubitt entered and began making statements on his behalf. Specifically, Delamar states Trubitt waived formal arraignment and entered a not guilty plea on his behalf. Trubitt was appointed by the court to represent Delamar on the new charges. Delamar indicates he had not authorized Trubitt to make the statements and did not want

Trubitt to represent him.

Delamar contends he wrote Trubitt a letter in July asking him to "dismiss himself" from the case. Delamar states he also wrote the court in July asking that he be appointed new counsel.

When Delamar went to trial on September 23, 2007, on the stalking charge, he indicates all the evidence was about what had occurred on February 18, 2007, and not March 3, 2007, "when the amendment sheet" said. Delamar maintains the Prosecutor Blake Batson (hereinafter Batson) accepted the statements made by Trubitt and as a result Delamar did not learn what evidence Batson had against him and was unable to prepare for trial.

With respect to Investigator Roy Bethel (hereinafter Bethel), Delamar indicates Bethel came to the jail and got Delamar's clothes and sent them to the state crime lab. Despite having the opportunity to interview Delamar and obtain his side of the story, Delamar states Bethel did not. Delamar believes if Bethel had interviewed him and fully processed the crime scene he would not be in jail today.

As relief, Delamar asks that he be released from prison and awarded punitive damages. He further requests that charges be brought against the Defendants.

## Discussion

The plaintiff is an inmate of the Arkansas Department of Correction, East Arkansas Regional Unit. Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v.*

*Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The records from the Arkansas Department of Correction show Delamar's monthly balance averaged about sixty-six ($66.00) dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, Brian Trubitt is not subject to suit under § 1983. To state a claim under § 1983, a Plaintiff must allege that the Defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, Blake Batson, the prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606,

2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Delamar's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Delamar can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, to the extent the complaint asserts a claim for damages, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Delamar's conviction has not been reversed or otherwise held invalid.

## Conclusion

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiffs' Complaint be dismissed without prejudice.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to**

file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 13th day of July 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 16 2009

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK